UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT D. HOLDEN,<br><br>          Plaintiff,<br><br>     v.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR DEUTSCHE ALT-A SECURITIES, INC., MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR5, et al.,<br><br>          Defendants. | Case No. 1:21-cv-01226-NONE-EPG<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION BE DISMISED WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>(ECF No. 20)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

**I.   BACKGROUND**

On December 13, 2021, Gary S. Saunders and Dev D. Patel of Saunders Law Group filed a motion to withdraw as counsel of record for Plaintiff Robert Holden ("Plaintiff").[1] Plaintiff did not file an opposition or otherwise respond to the motion.

On February 25, 2022. The Court held a hearing on the motion to withdraw. Plaintiff's counsel Gary Saunders and Defendants' counsel Nicole Johnson appeared telephonically. (ECF No. 18.) Plaintiff did not appear. On March 2, 2022, the Court entered an order granting the motion to withdraw as counsel as record for Plaintiff. (ECF No. 19.)

---

[1] Plaintiff's counsel filed an amended notice of motion and motion on December 22, 2021. Plaintiff was served with copies of both the motion and the amended motion by email and mail. (ECF No. 10.)

1

On March 2, 2022, the Court also entered an order requiring Plaintiff to show cause in writing why this case should not be dismissed for failure to prosecute. (ECF No. 20.) The Court instructed Plaintiff to respond in writing within twenty-one days stating whether he intends to go forward with this case. (*Id.*) Plaintiff was warned that, if he does not indicate that he plans to go forward and participate in this case, the Court would issue a recommendation that the case be dismissed without prejudice. (*Id.*)

At the hearing on the motion to withdraw, Defendants' counsel indicated that Defendants had propounded written discovery and Plaintiff's responses were due on March 4, 2022. Thus, the Court's March 2, 2022 order also directed Defendants to file a status report confirming whether or not Plaintiff responded to the written discovery or otherwise contacted Defendants' counsel. (ECF No. 20.) On March 23, 2022, Defendants filed a status report stating that Defendants had not received any discovery responses from Plaintiff. (ECF No. 21.)

The twenty-one-day period for Plaintiff to respond to the Court's March 2, 2022 order has expired, and Plaintiff has not filed any response or otherwise indicated an intention to prosecute this case. Accordingly, for the reasons described below, the Court will recommend that Plaintiff's case be dismissed for failure to comply with a court order and failure to prosecute.

## II.    FAILURE TO PROSECUTE AND COMPLY WITH A COURT ORDER

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to

2

routine noncompliance of litigants...." *Pagtalunan*, 291 at 639. Plaintiff has failed to respond to the Court's order to show cause. This failure to respond is delaying the case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291 at 642 (citing *Yourish,* 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with a court order and to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's failure to participate in this case, monetary sanctions are of little use. And, given the stage of these proceedings, the preclusion of evidence or witnesses is not available.

Additionally, the Court recommends dismissal without prejudice. Because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Pagtalunan*, 291 at 643.

After weighing the factors, the Court finds that dismissal without prejudice is appropriate.

### III.   CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. This action be dismissed without prejudice for failure to prosecute and failure to comply with a court order; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

3

specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **April 11, 2022**              /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE